UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAN BARTHOLOMEW CLARENCE HICKMAN, SR., <br><br> Plaintiff, <br><br> v. <br><br> T-MOBILE, et al., <br><br> Defendants. | No. 2:16-cv-1369-KJM-EFB PS <br><br> ORDER |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 3.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3 fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4 *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6 his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7 a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8 relief above the speculative level on the assumption that all of the complaint's allegations are
9 true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12    In reviewing a complaint under this standard, the court must accept as true the allegations
13 of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14 construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15 plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy
16 the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2)
17 requires a complaint to include "a short and plain statement of the claim showing that the pleader
18 is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19 upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20    Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
21 those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*,
22 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
23 confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction
24 requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
25 "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
26 authorized by a federal statute that both regulates a specific subject matter and confers federal
27 jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity
28 jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint does not contain a short and plain statement showing that he is entitled to relief.  Instead, the complaint is largely illegible and where legible is not intelligible.  Rather, it consists almost entirely of disjointed allegations.  *See generally* ECF No. 1.  For example, plaintiff vaguely alleges that Chico Police Officers have threatened him and that a United States Postal Service employee is holding his Social Security checks, which has deprived him of food, clothing, and shelter.  *Id*. at 1-2.  He also claims that he has reported misconduct by the County of Butte to President Obama.  *Id*. at 2.  He further alleges that he is going to stay in bed at an apartment in Chico, California, and that he is going to fix "the place up with [his] SSI and SSA benefits."  *Id*. at 9.

The complaint, however, does not allege any facts that would support a cognizable legal claim against a specific defendant or a basis for this court's jurisdiction.  Accordingly, the complaint must be dismissed.  Plaintiff, however, is granted leave to file an amended complaint, if he can allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against

/////

1  which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead
2  clear facts that support each claim under each header.

3  Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
4  make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
5  complete in itself.  This is because, as a general rule, an amended complaint supersedes the
6  original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
7  plaintiff files an amended complaint, the original no longer serves any function in the case.
8  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
9  alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
10 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.
11 Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
12 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
13 may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

14 Accordingly, it is hereby ORDERED that:

15 1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 3, is granted.

16 2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

17 3. Plaintiff is granted thirty days from the date of service of this order to file an amended
18 complaint.  The amended complaint must bear the docket number assigned to this case and must
19 be labeled "First Amended Complaint."  Failure to timely file an amended complaint in
20 accordance with this order will result in a recommendation this action be dismissed.

21 DATED:  March 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4